In the Matter of DANIEL A. OZZI, an Attorney, Respondent. GRIEVANCE COMMITTEE FOR THE SECOND AND ELEVENTH JUDICIAL DISTRICTS, Petitioner.

Second Department, September 9, 1985

### APPEARANCES OF COUNSEL

*Robert H. Straus* for petitioner.

### OPINION OF THE COURT

Per Curiam.

The respondent was admitted to practice by the Appellate Division, First Judicial Department, on November 28, 1948. By order of this court dated January 30, 1984, the respondent was suspended from the practice of law for a period of two years, effective March 1, 1984, after a disciplinary proceeding wherein he was found guilty, *inter alia,* of neglecting legal matters entrusted to him, misleading clients as to the status of their matters, failing to turn over files to other attorneys, failing to timely comply with a Surrogate's decree and failing to cooperate with the Grievance Committee in its investigation of these complaints (*see, Matter of Ozzi,* 98 AD2d 579).

In the instant proceeding, the Special Referee found respondent guilty of professional misconduct as follows: after being retained to prosecute a claim for damages to real property, respondent neglected the matter, failed to properly represent his clients, with the result that they were foreclosed from any possibility of recovery for the damages they had suffered; failed to respond to telephone calls and letters from his clients inquiring about the status of the case; and failed to cooperate with the

Grievance Committee in its investigation of this matter and three other matters it was investigating. The petitioner moves to confirm the report of the Special Referee sustaining the charges of professional misconduct.

After reviewing all of the evidence, we are in full agreement with the findings contained in the report of the Special Referee. Respondent is guilty of the misconduct alleged above. Petitioner's motion to confirm the Special Referee's report is granted.

In determining an appropriate measure of discipline to be imposed, we have taken into consideration the mitigating circumstances advanced by respondent. However, we have also considered the fact that respondent was previously admonished for similar neglect and thereafter suspended from the practice of law for a period of two years. Accordingly, respondent should be, and hereby is, suspended from the practice of law for an additional period of two years, effective March 1, 1986, and until the further order of this court.

MOLLEN, P. J., LAZER, MANGANO, GIBBONS and BRACKEN, JJ., concur.